## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KATHERINE BREWER** | : | **CIVIL ACTION NO. 2:22-cv-2593** |
| | : | |
| **VS.** | : | **JUDGE** _____ |
| | : | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | : | **MAGISTRATE JUDGE**_____ |

***********************************************************************

## COMPLAINT

Plaintiff, Katherine Brewer through her undersigned attorney, allege as follows:

## NATURE OF ACTION

1.

This is an action by Katherine Brewer for damages against her homeowner's insurance company, State Farm Fire and Casualty Company, for its failure to pay in a timely manner, the sums owed under its insurance policy resulting from damages to her office caused by Hurricane Laura.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. Plaintiff, Katherine Brewer is a citizen of the State of Louisiana. Defendant, State Farm Insurance Company, is a foreign insurance company domiciled in the State of Illinois. The unpaid losses due under Defendant's insurance policy exceed $75,000.00, and Plaintiff also seeks penalties, attorney's fees, costs, and expenses on top of those unpaid losses pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

3.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division also a substantial part of the property that is the subject of this action is situated in this District and Division.

## THE PARTIES

4.

Plaintiff, Katherine Brewer, ("Brewer"), is an adult resident of Lake Charles, Louisiana.

5.

Defendant, State Farm Fire and Casualty Company, ("State Farm"), is a foreign insurance company domiciled in the State of Illinois and can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## FACTUAL ALLEGATIONS

6.

On the evening of August 26, 2020, and into the early morning hours of August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana, as a Category 4 hurricane with sustained winds of 150 miles per hour.

7.

After making landfall, Hurricane Laura traveled north and directly hit Lake Charles, Louisiana, with sustained winds of nearly 100 miles per hour and gusts over 130 miles per hour.

8.

At the time of Hurricane Laura, and through the present, Brewer was and still is the

owner of the building and property located at 127 Fred Rd., Lake Charles, Louisiana 70615.

9.

As a result of Hurricane Laura, the building sustained damages. The contents and other structures of the home also sustained damages.

10.

At the time these damages were sustained due to Hurricane Laura, Brewer had in full force and effect a policy of insurance with State Farm providing coverage for all of the losses sustained by Brewer to her building, other structures, and contents, as well as for debris removal.

11.

On September 3, 2020, Brewer reported her losses to resulting from Hurricane Laura and made a claim for payment of those losses.

12.

On September 8, 2020, an adjuster retained and/or employed by State Farm inspected the building and property. The adjuster was provided with full access to the building and property and had a full opportunity to inspect the building and property, its contents, and other structures to fully determine Brewer's losses caused by Hurricane Laura without any limitations.

13.

Despite State Farm obtaining proof of loss, State Farm only issued partial payment for damages to Brewer home and contents; these payments were less than the damages apparent to the State Farm adjuster(s) and less than the apparent value of the damaged contents.

14.

The State Farm adjuster failed to include damages to the building and property that were obvious at the time of the inspection, and obviously were caused by Hurricane Laura, as well as

underestimated the costs of damages included in its adjustment.

15.

The payments made to date by State Farm to Brewer are woefully inadequate to cover the costs to repair to the damages to the home and its other structures, which damages were clearly visible to the adjuster retained and/or employed by State Farm at the time of the adjuster's inspection.

16.

On the evening of October 9, 2020, Hurricane Delta made landfall near Creole, Louisiana, with sustained winds of 100 miles per hour.

17.

After making landfall, Hurricane Delta traveled north and directly hit Lake Charles, Louisiana, with maximum sustained winds of nearly 100 miles per hour.

18.

At the time of Hurricane Delta, and through the present, Katherine Brewer was and still is the owner of the building and property located at 127 Fred Rd., Lake Charles, Louisiana 70615.

19.

As a result of Hurricane Delta, building and property, which had been damaged by Hurricane Laura, sustained additional damages. The contents and other structures of building and property also sustained additional significant damages.

20.

At the time these damages were sustained due to Hurricane Delta, Brewer had in full force and effect a policy of insurance with State Farm providing coverage for all of the losses sustained by Brewer to the building and property, other structures, and contents, as well as for

debris removal.

21.

Brewer reported her losses to resulting from Hurricane Delta and made a claim for payment of those losses.

22.

On November 5, 2020, an adjuster retained and/or employed by State Farm inspected building and property. The adjuster was provided with full access to building and property and had a full opportunity to inspect building and property, its contents, and other structures to fully determine Brewer's losses caused by Hurricane Delta without any limitations.

23.

Despite State Farm obtaining proof of loss, State Farm only issued partial payment for damages to Brewer building, property and contents; these payments were less than the damages apparent to the State Farm adjuster(s) and less than the apparent value of the damaged contents.

24.

The State Farm adjuster failed to include damages to the building and property that were obvious at the time of the inspection, and obviously were caused by Hurricane Delta, as well as underestimated the costs of damages included in its adjustment.

25.

The payments made to date by State Farm to Katherine Brewer are woefully inadequate to cover the costs to repair to the damages to the building and property and its other structures, which damages were clearly visible to the adjuster retained and/or employed by State Farm at the time of the adjuster's inspection.

26.

Because State Farm generated a woefully inadequate estimate in light of the damage present at their inspection(s), Brewer had to hire a public adjuster to properly determine the extent of the damage and costs of repair.

27.

Brewer's public adjuster found the cost to repair far exceeded State Farm's estimates; and Plaintiff provided State Farm with her public adjuster's estimate, providing State Farm with proof of loss.

28.

State Farm failed to pay these estimated costs of repair within 30 days of receipt of proof of loss, and at the time of this filing still have not paid these amounts.

29.

As a result of the above failure to timely pay amounts owed for damage to the dwelling, other structures, and content manipulation, Brewer has suffered undue inconvenience and mental anguish.

30.

Additionally, because State Farm did not provide funds to complete repairs within a timely manner Brewer has endured significant mental anguish and inconvenience.

## CAUSES OF ACTION AND DAMAGES

### A.  THE INSURANCE POLICY

31.

Under Article 1997 of the La. Civ. Code, an obligor in bad faith is liable for all damages that are a direct consequence of his failure to perform.

32.

State Farm owed Brewer a duty of good faith and fair dealing, and a duty to pay losses within 30 and 60 days of proof of loss under LSA R.S. 22:1892 and LSA R.S. 22:1973.

33.

The damages to the home and its other structures greatly exceed the amounts estimated and paid by State Farm.

34.

Under the language of her policy, Brewer is entitled to recover from State Farm for the additional sums needed to make full repairs to the home and its other structures in accordance with the insurance coverages Brewer purchased from State Farm.

35.

Brewer is also entitled to recover for the unpaid and/or underpaid losses and damages they sustained to the contents of the home, for debris removal, and for additional living expenses in accordance with the insurance coverages Brewer purchased from State Farm

36.

State Farm breached its duty of good faith, causing actual damages, and breached its duties to timely pay damages owed under the policy.

### B. PENALTIES AND ATTORNEY'S FEES

37.

Pursuant to Louisiana Revised Statute 22:1892, State Farm was required to unconditionally tender payment to Brewer for reasonably undisputed losses caused by Hurricanes Laura and Delta within 30 days of State Farm's receipt of satisfactory proof of loss when its adjuster inspected the home. State Farm failed to do so.

38.

La. R.S. 22:1892 further required State Farm to re-evaluate Brewer's claim and to tender additional unconditional payments to Brewer each time State Farm received additional information concerning the losses sustained by Brewer. State Farm failed to do so.

39.

State Farm's failure to pay adequate amounts in a timely matter was arbitrary, capricious, and without probable cause.

40.

Pursuant to La. R.S. 22:1892, State Farm is liable to Brewer for a penalty of 50%, in addition to the amount of the loss, on the amount due from, as well as reasonable attorney's fees and costs, for State Farm's failure to unconditionally tender the amounts owed to Brewer within 30 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

41.

Pursuant to La. C.C. Art. 1997 and Pursuant to La. R.S. 22:1973, State Farm is additionally liable to Brewer for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for State Farm's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to Brewer within 60 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

42.

Pursuant to La. R.S. 22:1973, in addition to actual damages for its breaches of the statute,

State Farm is additionally liable to Brewer for a penalty of the up to two times the actual damages Brewer sustained or five thousand dollars, whichever is greater.

## REQUEST FOR RELIEF

43.

WHEREFORE, Plaintiff, Katherine Brewer, prays that, after due proceedings, there be a judgment rendered herein in Plaintiff's favor and against Defendant, State Farm Fire and Casualty Company, for the full amounts due under the terms of the coverages provided by Defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff' in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

Respectfully submitted,
**THE TOWNSLEY LAW FIRM**

BY:   s/ *Jordan Z. Taylor*
**JORDAN Z. TAYLOR, Roll Bar No. 35346**
3102 Enterprise Boulevard
Lake Charles, LA  70601
Telephone:    (337) 478-1400
Facsimile:    (337) 478-1577
Email:  jtaylor@townsleylawfirm.com
ashleyd@townsleylawfirm.com
brandi@townsleylawfirm.com
ATTORNEY FOR PLAINTIFF, KATHERINE BREWER

**PLEASE SERVE**
**STATE FARM INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS:**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA  70809**